WESLEY C. GUNTER v. WILLIAM R. WINDERS, GUARDIAN AD LITEM FOR BILLY RAY ALLEN, ORAN J. COTTLE, HORACE JUNIOR EFRID, AND MILLER MOTOR EXPRESS, INC.

(Filed 20 January, 1961.)

**1. Judgments § 28—**

The doctrine of *res judicata* must be strictly construed, and in determining whether an issue is precluded by a former adjudication, the prior judgment must be interpreted with reference to the pleadings, the evidence, the judge's charge and the issues submitted and answered by the jury, and the plea may not be allowed when it deprives a party of his right to a day in court guaranteed by the Constitution.

**2. Judgments § 38—**

Where, in an action to recover for the wrongful death of a passenger in an automobile, the complaint alleges separate acts of negligence of the defendants and that intestate's death resulted from the negligence of defendants as set forth, with the legal conclusion that defendants were jointly and severally liable; and the issues and verdict establish the negligence of each defendant separately as a proximate cause of intestate's death; *held,* the record fails to establish the joint and concurrent negligence of the defendants and is insufficient to sustain the plea of *res judicata* as a matter of law in a subsequent action between the defendants.

**3. Judgments § 28—**

A judgment in favor of a passenger in one of the vehicles against the defendants respectively responsible for the operation of the vehicles involved in the collision will not operate as an adjudication of the rights of defendants *inter se* unless they had an opportunity to cross-plead so that their rights *inter se* were brought into issue and embraced in the adjudication, since a right may not be precluded without an opportunity to be heard.

APPEAL by plaintiff from *Mallard, J.,* April 11, 1960 Term, DURHAM Superior Court.

Civil action by Wesley C. Gunter v. Billy Ray Allen, Oran J. Cottle, Horace Junior Efrid and Miller Motor Express, Inc., to recover for personal injury and property damage growing out of a collision involving three motor vehicles — (1) a 1950 Ford owned and operated by the plaintiff, (2) a pickup truck owned by the defendant Cottle and operated by the defendant Allen, and (3) a tractor-trailer truck owned by the defendant Miller Motor Express, Inc., and driven by the defendant Efrid. Allen, a minor, is represented by his guardian *ad litem,* Winders.

The plaintiff alleged in substance that on November 3, 1958, he was driving his 1950 model Ford west on Highway 70 in Durham County. The line of vehicles in his front slowed down and as he reduced speed to conform to the traffic the pickup truck owned by Oran J. Cottle and operated by Billy Ray Allen "smashed into the left rear portion of this plaintiff's automobile . . . causing it to plunge across the center line of said highway and into the southern traffic lane in front of oncoming (east-bound) traffic; that after this occurred a tractor-trailer being driven by defendant Horace Junior Efrid and owned by defendant Miller Motor Express, Inc., . . . ran into the right side of plaintiff's automobile; that as a proximate result of this collision this plaintiff suffered . . . damage and injury."

Plaintiff further alleged in substance that Allen and Cottle were negligent (1) in operating the pickup at an excessive rate of speed, (2) in overtaking and attempting to pass plaintiff's vehicle without ascertaining the movement could be made in safety, (3) in failing to keep a proper lookout, (4) in failing to keep their vehicle under proper control.

The plaintiff alleged the defendant Efrid and Miller Motor Express were negligent (1) in failing to keep a proper lookout, (2) in operating the tractor-trailer at an excessive and dangerous rate of speed, (3) in failing to decrease speed and avoid the collision.

The plaintiff alleged the joint and concurrent negligence of all defendants was the sole proximate cause of his injury and damage.

The defendants answered, denying negligence, and each pleaded contributory negligence on the part of the plaintiff. The defendants Billy Ray Allen and Oran J. Cottle set up as a plea in bar a final judgment of the Superior Court of Alamance County in an action entitled Dalrymple, Administrator, against the plaintiff Gunter and the defendants Allen and Cottle, in which it was adjudged the death of Viola D. Jones, a passenger in plaintiff Gunter's vehicle, was proximately caused by the negligence of the defendants. Attached to the plea in bar was the judgment roll in the Dalrymple case.

The plaintiff was allowed to amend his complaint to allege defendants had the last clear chance to avoid the injury and negligently failed to avail themselves of that opportunity. At the call of the case Judge Mallard heard the plea in bar on the record, sustained it as to all issues of negligence and contributory negligence, but overruled it as to the issue of last clear chance, reserving that issue for determination by the jury. The plaintiff excepted and appealed.

*Daniel K. Edwards, for plaintiff, appellant.*

*Bryant, Lipton, Strayhorn & Bryant, By: Victor S. Bryant, Jr., for William R. Winders, Guardian Ad Litem for Billy Ray Allen, Minor, and Oran J. Cottle, defendants, appellees.*

HIGGINS, J. The plaintiff assigns as error the order of the court sustaining Allen and Cottle's plea in bar upon the ground the issues of negligence and contributory negligence presently involved had been determined by the judgment of the Superior Court of Alamance County in a civil action by Dalrymple, Administrator v. Gunter, Allen and Cottle. At the outset this Court is confronted with the procedural question whether upon the pleadings, including the judgment roll in the Alamance action, enough appears to warrant the Court in passing upon the plea in bar *(res judicata)* or should decision be reserved until evidence is heard?

In the action now before us Gunter alleged: "11. That the joint and concurring negligence of all the defendants was the sole proximate cause of the collision herein described and of the resulting injuries and damages to this plaintiff." In the Dalrymple case the plaintiff's intestate, (Miss Jones) a passenger in Gunter's Ford, was killed. Her administrator alleged Allen and Cottle were negligent in that they (1) failed to keep a proper lookout, (2) failed to keep their vehicle under proper control, (3) failed to observe the speed law,

and by reason thereof they negligently ran into the Gunter vehicle from the rear; and that after the impact Gunter negligently drove his vehicle from the north traffic lane across the center line into the southern traffic lane where it collided with the tractor-trailer unit owned by Miller Express, Inc., and driven by Efrid.

In the *Dalrymple* case separate negligent acts were alleged against Allen and Cottle in striking the Gunter vehicle from the rear. Separate negligent acts taking place thereafter were alleged against Gunter in negligently driving his Ford across the center line of the highway and into the traffic lane of the Miller tractor-trailer. Dalrymple alleged: "That the wreck, injury and death herein complained of directly and proximately resulted from the negligence of the defendants *as herein set forth;* and that the defendants are jointly and severally liable and responsible to the plaintiff for the resulting damages." It may be noted that the joint and several liability for damages is alleged as a conclusion. The bases for the conclusion are the separate and successive negligent acts set forth—that is, the negligence of Allen and Cottle in striking the rear of Gunter's Ford and thereafter the negligence of Gunter in carelessly operating his vehicle from its proper north lane of traffic into the south lane in front of the Miller tractor-trailer. Issues were submitted as follows: "(1) Was the death of Viola D. Jones caused by the negligence of Billy Ray Allen and Oran J. Cottle, as alleged in the complaint? Answer, Yes. (2) Was the death of Viola D. Jones caused by the negligence of Wesley Calvin Gunter, as alleged in the complaint? Answer, Yes." Thus, on the face of the record the allegations and the issues in *Dalrymple* do not establish joint and concurrent acts of negligence of Gunter on the one hand, and Allen and Cottle on the other. Does the record disclose the presence of all conditions necessary to establish a valid plea of *res judicata?* "Certainty with respect to the thing determined is one of the fundamentals of every trial; and when the result of that trial is pleaded as *res judicata* in a subsequent proceeding, it cannot be left to uncertain inference. This is sometimes expressed in the rule that the doctrine of *res judicata* must be strictly applied. *Horn v. Indianapolis Nat. Bank,* 125 Ind. 381, 25 N.E. 558, 30 Am. Jur., 909. The right of a party to litigate his claim will not be defeated by a roving abstraction which does not meet the exigent standard of notice and hearing — his day in court — guaranteed to him by the Constitution. He is entitled to this either at the one time or the other." *Cannon v. Cannon,* 223 N.C. 664, 28 S.E. 2d 240.

"It is well settled that a verdict must be interpreted with reference to the pleadings, the evidence, and the judge's charge. *Jernigan v.*

*Jernigan,* 226 N.C. 204, 37 S.E. 2d 493. And in determining whether a judgment constitutes *res judicata* the judgment must be interpreted with reference to the pleadings, the evidence, the judge's charge and the issues submitted to and answered by the jury. *Clinard v. Kernersville,* 217 N.C. 686, 9 S.E. 2d 381." *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125.

The allegations and findings in *Dalrymple* do not, on their face, establish (as the cause of the accident) the joint and concurrent negligent acts of Gunter (present plaintiff) and Allen and Cottle (present defendants). The record, therefore, is insufficient to sustain the plea of *res judicata.*

Although we note the procedural defect, we have come to the conclusion that the judgment in this case should be reversed on the more fundamental ground that a judgment against two or more defendants in a tort action should not be held conclusive *inter se,* unless their rights and liabilities were put in issue by their pleadings. The great weight of authority sustains this view. The substance of the general rule, as gathered by the decisions and the text writers, is this: A judgment does not conclude parties to the action who are not adversaries and who do not have opportunity to litigate their differences *inter se.* "It is generally declared that a judgment operates as *res judicata* only with respect to parties who were adversaries in the proceedings wherein the judgment was entered . . . The theory of the many decisions supporting the general rule is that the judgment merely adjudicates the rights of the plaintiff as against each defendant, and leaves unadjudicated the rights of the defendants among themselves." 30 A, Am. Jur., "Judgments," § 411; *Clark's Admrx. v. Rucker* (Ky.) 258 S.W. 2d 9. "A judgment ordinarily settles nothing as to the relative rights and liabilities of the coplaintiffs or codefendants *inter sese,* unless their hostile or conflicting claims were actually brought in issue, litigated, and determined." 50 C.J.S., "Judgments," § 819. Both Am. Jur. and C.J.S. cite cases from many jurisdictions. *Bunge v. Yager,* 236 Minn. 245, 52 N.W. 2d 446; *Wiles v. Young,* 167 Tenn. 224, 68 S.W. 2d 114; *Byrum v. Ames & Webb, Inc.,* 196 Va. 597, 85 S.E. 2d 364. Issues and admissibility of evidence are determined by the pleadings. Unless defendants have opportunity to cross-plead, evidence relating exclusively to their differences is inadmissible — result, an insufficient opportunity to be heard.

This decision is in partial conflict with *Lumberton Coach Co. v. Stone,* 235 N.C. 619, 70 S.E. 2d 673, and subsequent decisions based

on its authority. To the extent of the conflict, the former decisions are now overruled. The judgment of the Superior Court of Durham County is

Reversed.