18025

Vera KINARD, Respondent, v. Leroy POLK, Appellant

(129 S. E. (2d) 527)

*Messrs. Hagood, Rivers & Young,* of Charleston, *for Appellant,*

*Messrs. Smoak & Smoak,* of Walterboro, *for Respondent,*

February 8, 1963.

BRAILSFORD, Justice.

This is an action to recover damages for personal injuries sustained by plaintiff in a collision between an automobile

driven by her and one driven by the defendant. The defendant pleaded contributory negligence and willfulness and pleaded *res judicata*. The facts alleged to support this plea are that in a prior action a passenger in plaintiff's automobile sued plaintiff and defendant for damages sustained in the same collision and recovered a judgment against both of them for actual damages. The circuit court sustained a motion to strike this plea as legally insufficient and the defendant appealed. The sole issue here is whether the facts alleged sustain the defendant's contention that the former judgment is a bar to this action.

We have no controlling precedent in this jurisdiction as to whether a judgment in a tort action against parties who were not adversaries is *res judicata* in a subsequent action between them arising out of the same tort. However, the view adopted by the circuit court is supported by the weight of authority elsewhere. 50 C. J. S. Judgments § 819; 30A Am. Jur., Sec. 411; Annotation 152 A. L. R. 1066; Restatement of the Law of Judgments, Sec. 82.

After departure from the general rule, the Supreme Court of North Carolina overruled its former decisions and adopted it in the recent case of *Gunter v. Winders,* 253 N. C. 782, 117 S. E. (2d) 787. We approve the following rule quoted from this opinion:

"* * * The great weight of authority sustains this view. The substance of the general rule, as gathered by the decisions and the text writers, is this: A judgment does not conclude parties to the action who are not adversaries and who do not have opportunity to litigate their differences *inter se * * *."

In addition to the numerous authorities cited in the *Gunter case* see those cited and reviewed in *Byrum v. Ames and Webb,* 196 Va. 597, 85 S. E. (2d) 364.

We quote from Restatement of the Law of Judgments, page 387, illustration 1, which fits this case precisely:

"1. A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment

is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not *res judicata* in a subsequent action by A against B for damage to his car."

That the co-defendants could have become adversaries in the prior action by filing cross pleadings is without legal significance under the permissive language of Sec. 10-707, Code of Laws, 1962.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.