FLORENCE JEAN CLEMMONS, PLAINTIFF v. RUBY B. KING, ORIGINAL DE-
FENDANT, AND MYRTLE CLEMMONS STRICKLAND, ADDITIONAL DE-
FENDANT.

(Filed 23 July, 1965.)

**1. Torts § 4—**

   An original defendant is not entitled to have another joined for contribu-
   tion unless such other is a joint tort-feasor which plaintiff could have sued
   at his election.

**2. Torts § 2—**

   In order to constitute two or more persons joint tort-feasors it is neces-
   sary that they act together in committing the wrong or that the inde-
   pendent acts of each unite in point of time and place in causing the injury.

**3. Torts § 4—**

   An original defendant may deny negligence, allege that the negligence on
   the part of a third party was the sole proximate cause of the injury, and
   allege that such third party was guilty of joint and concurring negligence,
   but it is not sufficient to allege the mere conclusion of concurring negli-
   gence, it being required that the original defendant allege acts of such
   third party which support the conclusion of negligence on the part of such
   third party and that such negligence was a proximate cause of the injury.
   G.S. 1-240.

**4. Same—**

   Where the original defendant denies negligence and alleges that the sole
   proximate cause of the collision was the negligence of a third person, then
   alleges the mere conclusion that if she were negligent the negligence of such
   third person concurred and constituted at least one or more of the proxi-
   mate causes of the collision, without alleging, either conditionally or alter-
   nantly, facts sufficient to show joint or concurring negligence on the part of
   such third party, the original defendant may not maintain the cross-action
   against such third party for contribution.

APPEAL by original defendant and additional defendant from *John-
son, J.*, August 1964 Session of BRUNSWICK.

Action for personal injuries.

Plaintiff alleges that on February 6, 1964, at about 5:00 p.m., she
was a passenger in an automobile being operated by Mrs. Myrtle
Clemmons Strickland in a southerly direction on U. S. Highway No.
17 in Supply; that at a point in front of Kirby's Food Center, defendant
King, operating a station wagon in a northerly direction and intend-
ing to enter the driveway to the food store, suddenly, and without
warning, made a left turn across the path of Mrs. Strickland's ap-
proaching automobile; and that, as a result, a collision occurred, in
which plaintiff was injured.

Answering, Mrs. King denied that she ever left her lane of travel and alleged that the sole proximate cause of the collision was the negligence of Mrs. Strickland, who, failing to keep a proper lookout and to keep her car under control, "suddenly swerved across the center line of the highway and collided with the 1961 Chevrolet automobile driven by Ruby B. King northwardly on U. S. Highway 17 at the same place." Original defendant further alleged:

> "(B)ut if the Court should find that these defendants, or either of them, were in any way negligent in the premises, that the foregoing acts and omissions on the part of Myrtle Strickland were at least one or more of the proximate causes of the collision and any resulting injury or damage sustained by the plaintiff, and such negligence on the part of Myrtle Strickland constitutes at least joint and concurring negligence with any negligence there may have been on the part of these answering defendants, which is again denied, and accordingly the said Myrtle Strickland is at least a joint tort-feasor and should be joined as an additional party defendant in this action so there can be a full and final determination of all matters in controversy arising out of the collision. . . ."

Upon original defendant's motion Mrs. Strickland was made an additional party defendant. In her answer she averred:

> "(A)s she approached Kirby's Food Center, the defendant, Ruby King, who was operating her car in a northwardly direction, suddenly and without warning, made a left-turn directly into the path of this defendant, at such a time and in such a manner that this defendant was wholly unable to avoid the collision which followed. . . ."

At the trial each party offered evidence tending to establish her allegations. The testimony of the investigating highway patrolman, a witness for plaintiff, tended to show that the front of the King station wagon collided with the left front of the Strickland automobile; that he found debris about 2 feet west of the center line of Highway No. 17, a 2-lane highway 24 feet in width; that skid marks of about 50 feet in the west lane stopped just short of the debris; and that original defendant, whom he interviewed in the hospital, said she "started to make a turn and all of a sudden there it was right in front of (her)."

Original defendant, with the consent of plaintiff but not of additional defendant, offered the affidavits of two young men who had been traveling behind her. Their affidavits tended to show: A young boy about 10 years old ran out from the store parking area toward the west edge of the road as additional defendant approached the Kirby Food Center.

When the boy did so, she swerved to her left, crossed the center line, and struck the front of the station wagon, which was almost at a standstill in the northbound lane.

The jury found that plaintiff had been injured by the negligence of original defendant, from whom she was entitled to recover $12,000; and that additional defendant, "by her joint and concurring negligence," had contributed to plaintiff's injuries and damage. Judgment entered on the verdict was that plaintiff recover $12,000 of original defendant and that the latter have and recover contribution from additional defendant "to the extent of one-half of such amount as said original defendant Ruby B. King shall pay on this judgment and costs." Additional defendant appeals, assigning as error the failure of the court to sustain her motion for nonsuit made at the conclusion of original defendant's evidence.

Stipulations made by the parties reveal that the owner of the car operated by Mrs. King had a policy of liability insurance providing $5,000 coverage for any one injured person with Dixie Fire & Marine Insurance Company, and that it has paid or will pay this amount on plaintiff's judgment. Original defendant herself had an identical policy of liability insurance with Nationwide Insurance Company, which denies liability on the ground that it received no notice of the suit. Additional defendant had an identical policy of liability insurance with Criterion Insurance Company. Dixie made "demand upon Criterion for $2,500.00, which is one-half of the amount paid, or to be paid, by it, to the plaintiff." Criterion, contending that it would be liable only for one-half of any amount paid by original defendant *individually*, "declined to apply its liability policy to the satisfaction of the judgment against its insured, Myrtle Strickland." Judge Johnson entered a supplemental judgment, in which he decreed that "Ruby King and her insurer recover nothing from Myrtle Strickland or her insurer by reason of payment to plaintiff by or through Dixie Fire & Marine Insurance Company." From the supplemental judgment original defendant appeals.

*Herring, Walton & Parker for plaintiff appellee.*
*James, James & Crossley for original defendant appellant.*
*Poisson & Barnhill for additional defendant appellant.*

SHARP, J. An original defendant may not invoke the statutory right of contribution, G.S. 1-240, against another party in a tort action unless both parties are liable as joint tort-feasors to the plaintiff in the action, *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768; *Lovette v. Lloyd,* 236 N.C.

663, 73 S.E. 2d 886, although the plaintiff himself may, at his election, sue any one or all of the tortfeasors. *Pearsall v. Power Co.,* 258 N.C. 639, 129 S.E. 2d 217; *Darroch v. Johnson,* 250 N.C. 307, 108 S.E. 2d 589.

> "To constitute two or more persons joint tort-feasors the negligent or wrongful act of the one must be so united in time and circumstance with the negligent or tortious act of the other that the two acts in fact constitute but one transaction. While neither concert of action nor unity of purpose is required, *there must be concurrence in point of time and place.* The parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Shaw v. Barnard,* 229 N.C. 713, 715, 51 S.E. 2d 295, 296. (Italics ours.) "(In) order for one defendant to join another as a third-party defendant for the purpose of contribution, he must allege facts sufficient to show *joint* tortfeasorship and his right to contribution in the event plaintiff recovers against him. * * * In order to show *joint* tortfeasorship, it is necessary that the facts alleged in the cross complaint be sufficient to make the third party liable to the plaintiff along with the cross-complaining defendant in the event of a recovery by the plaintiff against him." *Hayes v. Wilmington, supra* at 533, 91 S.E. 2d at 680.

To interplead a third party for contribution, however, the law does not require a defendant in a personal-injury suit to make a judicial admission that his negligence was one of the proximate causes of the injury for which plaintiff sues. He may deny negligence and allege, conditionally or alternatively, that *if* he was negligent, the third party's negligence concurred with his as a proximate cause of plaintiff's injuries. *Hayes v. Wilmington, supra.* A defendant is not required to be consistent in his pleading. In a personal-injury suit such as this he is entitled to the following defenses, among others: (1) general denial of negligence; (2) sole negligence on the part of the third party; (3) joint and concurring negligence of the third party. *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434. But this liberal rule of pleading is not satisfied when the pleader merely repeats the rule, for it is but a conclusion. An allegation of negligence must give specific information as to the acts complained of, so that the court may determine whether, if established, the acts would constitute negligence. Furthermore, the facts alleged must also show a causal relation between such negligence and the plaintiff's injury. This is true because actionable negligence "is not a fact in itself, but is the legal result of certain facts." *Stamey v. Membership Corp.,* 247 N.C. 640, 645, 101 S.E. 2d 814, 818.

Here original defendant has sufficiently alleged the facts upon which she relied to establish her defense of additional defendant's *sole* negligence; she has not sufficiently alleged, either conditionally or alternatively, facts sufficient to show joint and concurring negligence with Mrs. Strickland. Nowhere does she allege that *if* the jury should find that she crossed the center line into her left lane, additional defendant, at the same time, did likewise. She never deviates one iota from her allegation that additional defendant *alone* crossed the center line and collided with her when she was entirely in the lane for northbound traffic (her proper lane). If this be true, original defendant was in nowise negligent; the negligence of additional defendant, being the sole proximate cause of the collision, constituted a complete defense to plaintiff's action against original defendant. This unamended averment precluded joint tortfeasorship. An allegation that a third party was jointly and concurrently negligent with defendant because she came over the center line into defendant's lane of travel and collided with defendant on defendant's side of the road does not establish joint tortfeasorship. The facts alleged will not support the conclusion.

The evidence at the trial followed the pleadings strictly. Original defendant's evidence tended to show that she, at all times, was on her side of the road; additional defendant's and plaintiff's, that additional defendant was at all times on her right side of the center line. Neither testimony nor physical evidence suggested that either original defendant or additional defendant did any act or omitted to do any act constituting negligence in her own lane of travel. The only issue of fact was, who left her lane to cross the center line? Furthermore, there was no evidence tending to show that original defendant and additional defendant were ever out of their respective lanes of travel at the same time. We cannot, merely because a head-on collision occurred and because each driver claims it to have been the fault of the other in coming into her lane, compromise the case by saying that the collision perhaps occurred in the center of the road, both vehicles straddling the line. Under the pleadings and the evidence in this case, where original defendant and additional defendant each defended only on the ground of the sole negligence of the other, the jury could not answer the first issue, Yes, without exonerating additional defendant. When the jury found that plaintiff was injured by the negligence of original defendant, it necessarily found that she was the one who crossed the center line, and eliminated any question of additional defendant's concurring negligence.

For the failure of original defendant to allege and to offer any evidence tending to show that joint and concurring negligence on the part of herself and additional defendant proximately caused injury to plaintiff, additional defendant's motion for judgment of nonsuit should have

been sustained. The judgment of the court below, insofar as it awards original defendant contribution from additional defendant, is reversed. This disposition of the case renders moot the judge's ruling in the supplemental judgment that neither additional defendant nor her liability-insurance company is liable to reimburse original defendant's liability insurance company for any part of its payment of the judgment which plaintiff secured against original defendant. See, notwithstanding, *Pittman v. Snedeker*, 264 N.C. 55, 140 S.E. 2d 740; *Insurance Co. v. Insurance Co.*, 264 N.C. 749, 142 S.E. 2d 694.

Reversed.