STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. DONNA JEAN HOLLAND

No. 8718SC350

(Filed 19 July 1988)

**1. Torts § 5; Judgments § 36.3— action determining negligence of mother in death of daughter—subsequent action against mother for contribution—prior action as collateral estoppel**

Findings of the jury in an action for the wrongful death of a child in an automobile accident that the death of the child was proximately caused by the negligence of both the child's mother and the driver of a second vehicle collaterally estopped the mother from denying negligence in an action for contribution by the other driver's insurer against the mother since the issue of the mother's negligence here was the same as that present in the prior action, and the jury's finding in the first action was relevant and essential to the judgment in the earlier case.

**2. Torts § 2.1— death as single indivisible injury—two drivers as joint tortfeasors**

The death of defendant mother's child was a single indivisible injury so that the mother and another driver were joint tortfeasors, and plaintiff insurer of the other driver was therefore entitled to contribution from defendant mother pursuant to N.C.G.S. § 1B-1 *et seq.*

APPEAL by plaintiff from *Albright (Douglas), Judge.* Judgment entered 16 November 1986 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 October 1987.

*Frazier, Frazier & Mahler, by James D. McKinney, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by Stephen P. Millikin and Alan W. Duncan, for defendant-appellee.*

GREENE, Judge.

This is an appeal from a summary judgment dismissing plaintiff's claim for contribution.

On 6 June 1984, Donna Jean Holland (hereinafter "Holland"), the current defendant, and her husband Allen Greg Holland, Sr., as administrator for the estate of their three-month-old daughter, Alicia Jean Holland, filed suit against Jo Ann Cowan Wall (hereinafter "Wall"). The Hollands alleged Wall negligently caused an automobile accident which injured Holland and resulted in the

death of Alicia Jean Holland. At that trial, the jury gave the following answers to issues presented:

. . . .

4. Was the death of Alicia Jean Holland proximately caused by the negligence of the defendant, Jo Ann Cowan Wall?

ANSWER: Yes.

5. Was the death of Alicia Jean Holland proximately caused by the negligence of the plaintiff, Donna Jean Holland?

ANSWER: Yes.

. . . .

Based on these findings, the jury awarded $100,000 to Mr. Holland as administrator of the estate of his infant daughter. Wall was insured by State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), the plaintiff in the current suit. After judgment was entered for $100,000 against Wall, Mr. Holland, as administrator, accepted $50,000 from State Farm in settlement of the judgment.

In the current suit, State Farm sues Holland for contribution of one-half of the $50,000 settlement pursuant to N.C.G.S. Sec. 1B-1 *et seq.* (1983). Plaintiff appeals from the grant of summary judgment in favor of defendant.

The issues presented in this case are: I) whether the findings of the jury in the first trial are binding in this action through collateral estoppel, and II) whether the death of the child was a single indivisible injury.

I

[1] Having discharged the liability of its insured, the original defendant Wall, State Farm filed this action seeking contribution from Holland. Section 1B-1(e) of the North Carolina General Statutes permits an insurer who discharges the liability of a tortfeasor to succeed to the tortfeasor's right of contribution. To recover contribution, State Farm has the burden of proving that Holland and Wall were both liable to the estate of the child as joint tortfeasors. *See Pascal v. Burke Transit Co.*, 229 N.C. 435,

438, 50 S.E. 2d 534, 536-37 (1948) (where injured party sues defendant and defendant alleges third party was a joint tortfeasor, burden of proof is on original defendant to show third party was tortfeasor). Joint tortfeasors include persons who commit separate negligent acts which concur as to time and place and unite in proximately causing a single indivisible injury. *See Phillips v. Hassett Mining Co.*, 244 N.C. 17, 22, 92 S.E. 2d 429, 433 (1956). A single indivisible injury arises if apportionment of the damages among the tortfeasors is impossible. *Ipock v. Gilmore*, 73 N.C. App. 182, 186, 326 S.E. 2d 271, 275, *disc. rev. denied*, 314 N.C. 116, 332 S.E. 2d 481 (1985).

State Farm contends that because of collateral estoppel, Holland and Wall are joint tortfeasors since the jury in the first action found the negligence of Wall and Holland to be proximate causes of the death of the child. Under the doctrine of collateral estoppel, a party is barred from relitigating issues which have already been fully litigated in a suit which involved the same parties or those who stand in privy to the parties in earlier litigation. *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E. 2d 799, 805 (1973). In order to apply collateral estoppel, four requirements must be satisfied:

> (1) The issues to be concluded must be the same as those involved in the prior action; (2) in the prior action, the issues must have been raised and actually litigated; (3) the issues must have been material and relevant to the disposition of the prior action; and (4) the determination made of those issues in the prior action must have been necessary and essential to the resulting judgment.

*Id.* at 358, 200 S.E. 2d at 806.

The issue of Holland's negligence here is the same as that present in the prior action where it was raised and actually litigated. However, Holland contends the jury's finding in the first action was not material and relevant or necessary and essential to the resulting judgment in the earlier case because the amount awarded to the estate of the child by the jury was not reduced in the judgment entered by the trial court. We disagree.

Since this record does not include the instructions given by the trial court in the first action, it must be presumed that the

jury was correctly instructed on every principle of law applicable to the facts. *Robertson v. Stanley*, 285 N.C. 561, 564, 206 S.E. 2d 190, 193 (1974). The trial judge in the first action was required to instruct the jury that in ascertaining the amount of damages recoverable by the estate of the child, the jury could consider only the losses suffered by the father of the child and not the losses suffered by the mother of the child if the jury found the mother negligent in causing her child's death. *See Carver v. Carver*, 310 N.C. 669, 314 S.E. 2d 739 (1984) (where mother's negligence results in death to her child, losses to the mother may not be considered in assessing damages for the wrongful death of the child). Therefore, the finding of the jury that Holland's negligence proximately caused the death of the child was material and relevant to the disposition of that action and necessary and essential to the resulting judgment. Consequently, Holland is collaterally estopped to now deny her negligence in causing her daughter's death. We note Holland does not dispute that the negligence of Wall as determined in the first action is binding in this action under the doctrine of collateral estoppel.

## II

[2] However, a finding that Wall and Holland were both negligent, each proximately causing the death of the child, does not end the inquiry in determining if they are joint tortfeasors. It must first be determined that the injury sustained by the child is a single indivisible injury. Here, the injury was death. Death, by its very nature, is not capable of any practical or reasonable division and is therefore indivisible as a matter of law. *See* W. Keeton *et al., Prosser & Keeton on the Law of Torts* Sec. 52 at 347 (5th ed. 1984); *see also Gay v. Piggly Wiggly Southern, Inc.*, 183 Ga. App. 175, 181, 358 S.E. 2d 468, 474 (1987) (citing cases which indicate death is a single and indivisible injury) and *General Motors Corp. v. Edwards*, 482 So. 2d 1176, 1190 (Ala. 1985) (death is an indivisible injury). Therefore, Wall and Holland are joint tortfeasors and State Farm is entitled to contribution from Holland pursuant to N.C.G.S. Sec. 1B-1 *et seq.*

## III

Accordingly, the trial court erred in granting summary judgment for Holland and we remand for entry of summary judgment for State Farm, as there do not exist any genuine issues of mate-

rial fact and plaintiff is entitled to judgment as a matter of law. *See A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 258 S.E. 2d 444 (1979) (summary judgment in favor of non-movant is appropriate when evidence demonstrates no material issues of fact exist and non-movant entitled to entry of judgment as a matter of law).

As Holland did not plead or argue parental immunity as a bar, we do not address the question of whether she was immune from an action by her child and therefore not a joint tortfeasor. *See Clemmons v. King*, 265 N.C. 199, 201, 143 S.E. 2d 83, 85 (1965) (defendant in action for contribution must be liable as tortfeasor to original plaintiff) and N.C.G.S. Sec. 1-539.21 (1983) (abolishing parent/child immunity in cases involving the "operation of a motor vehicle" by a parent).

Reversed and remanded.

Judge BECTON concurs.

Judge PHILLIPS concurs in the results only.