STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. DONNA JEAN HOLLAND

No. 391PA88

(Filed 8 June 1989)

1. Torts § 5; Judgments § 36.3— automobile accident—joint tortfeasors—no collateral

The trial judge correctly granted summary judgment in favor of the mother of a child killed in an automobile accident where the mother had been driving the car in which the child was riding when the accident occurred; the mother and her husband, as administrator of the estate of the child, filed suit against the other driver, Wall, alleging that Wall negligently caused the accident; Wall answered alleging contributory negligence in the operation of the automobile and failure to use a child restraint system; the mother was not named a defendant or third party defendant to the action; the jury determined that the mother was injured by the negligence of Wall and that the mother did not by her own negligence contribute to the injury; the jury further found that

the child's death was proximately caused by the negligence of her mother and of defendant Wall; the jury awarded damages of $100,000 to the father as administrator of the estate; the father accepted $50,000 from plaintiff insurance company as settlement of the judgment against Wall; and the insurance company then sued the mother, defendant Holland, for contribution of one-half of the settlement. The doctrine of collateral estoppel is not available to show the mother's joint liability to the estate of the daughter; since the mother was not a party to the wrongful death claim and was not made a third party defendant for the purpose of contribution, neither her liability to her daughter's estate nor her liability to Wall as a joint tortfeasor was established by the judgment in the original action.

2. **Automobiles and Other Vehicles § 84— failure to use child restraint system— death of child**

The trial judge correctly entered summary judgment for defendant Holland in an action brought by State Farm for contribution where defendant Holland's car was involved in an accident with plaintiff's insured, Wall; defendant Holland's child died from injuries in the accident; a jury found plaintiff's insured negligent and awarded damages to the child's estate; and plaintiff insurance company brought this action for contribution. The failure of Holland, the child's mother, to restrain the child in a child restraint system in violation of N.C.G.S. § 20-137.1 did not constitute actionable negligence and was therefore not the proximate cause of the wrongful death of the child; Holland thus cannot be jointly liable with the insured for the damages awarded to the estate of the child in the wrongful death action.

Justice MARTIN dissenting.

ON discretionary review of the decision of the Court of Appeals, 90 N.C. App. 730, 370 S.E. 2d 70 (1988), reversing and remanding the judgment entered by *Albright, J.,* at the 16 November 1986 Session of Superior Court, GUILFORD County. Heard in the Supreme Court 13 February 1989.

*Frazier, Frazier & Mahler, by James D. McKinney, for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, by Stephen P. Millikin and Alan W. Duncan, for defendant-appellant.*

FRYE, Justice.

The question before the Court is whether the Court of Appeals correctly reversed the trial court's entry of summary judgment in favor of defendant. In order to answer this question, we must determine whether a *Carver* issue, decided adversely to the mother of a deceased child in a wrongful death action, can serve

as the basis for collateral estoppel so as to conclusively establish the liability of that parent for the purposes of contribution. For the reasons stated hereafter, we answer both questions in the negative.

The facts in this case are as follows: On 14 December 1983, Donna Jean Holland (hereinafter Holland) and Jo Ann Cowan Wall (hereinafter Wall) were operating their vehicles in High Point, North Carolina, and collided at an intersection. Alicia Holland, the three-month-old daughter of Holland, was a passenger in the automobile Holland operated. The child suffered serious injuries from the accident and died shortly thereafter. Holland was also injured in the accident. On 6 June 1984, Holland, on her own behalf, and her husband, as administrator of the estate of Alicia Holland, filed suit against Wall alleging that Wall negligently caused the accident which injured Holland and resulted in the death of Alicia Holland. Wall answered alleging contributory negligence as to Holland's claim. As a defense to the wrongful death claim brought by the administrator, Wall alleged that the child's death was caused solely by Holland's negligent operation of the automobile. As a further defense to the wrongful death claim, Wall alleged that Holland was negligent in failing to properly use a child restraint system as required by N.C.G.S. § 20-137.1, that Holland's negligence was imputable to her husband, and since they were the sole beneficiaries of the wrongful death claim, that claim should be dismissed so as to prevent Holland and her husband from benefiting from their own wrong. Holland was not made a named defendant or third party defendant to the action.

The case was tried in August 1985 and the following issues were presented to, and answered by, the jury:

1. Was the Plaintiff, Donna Jean Holland, injured by the negligence of the Defendant, Jo Ann Cowan Wall?

ANSWER: Yes

2. Did the Plaintiff, Donna Jean Holland, by her own negligence contribute to her injury?

ANSWER: No

3. What amount, if any, is the Plaintiff, Donna Jean Holland, entitled to recover for personal injuries?

ANSWER: $4,589.02

4. Was the death of Alicia Jean Holland proximately caused by the negligence of the Defendant, Jo Ann Cowan Wall?

ANSWER: Yes

5. Was the death of Alicia Jean Holland proximately caused by the negligence of the Plaintiff, Donna Jean Holland?

ANSWER: Yes

6. What amount of damages is Alan Gregg Holland, Sr. Administrator of the estate of Alicia Jean Holland entitled to recover by reason of the death of Alicia Jean Holland?

ANSWER: $100,000.00.

On 19 August 1985, Judge James M. Long entered judgment against defendant Wall in favor of plaintiff Donna Jean Holland in the amount of $4,589.02 and against defendant Wall in favor of plaintiff-administrator in the amount of $100,000.00. State Farm Mutual Automobile Insurance Company (hereinafter State Farm), as the insurer of Wall, paid the judgment in favor of Holland. The administrator of the estate accepted $50,000 from State Farm in settlement of the $100,000 judgment against Wall and marked the judgment satisfied in full.

In the instant case, State Farm sued Holland for contribution of one-half of the $50,000 settlement pursuant to N.C.G.S. § 1B-1, *et seq.* Holland's motion for summary judgment was granted by Judge Douglas Albright. State Farm appealed to the Court of Appeals. The Court of Appeals held that Holland was collaterally estopped to deny her negligence in causing her daughter's death and that State Farm was entitled to contribution from Holland because Wall and Holland were joint tortfeasors. The Court of Appeals reversed the grant of summary judgment for Holland and remanded the case to the trial court for entry of summary judgment for State Farm. *State Farm Mutual Auto. Ins. Co. v. Holland*, 90 N.C. App. 730, 370 S.E. 2d 70 (1988). We now reverse.

[1]  Plaintiff State Farm seeks contribution pursuant to N.C.G.S. § 1B-1, *et seq.* from defendant Holland for one-half of the $50,000 paid by State Farm to the estate of Alicia Holland. N.C.G.S. § 1B-1 provides in pertinent part:

(a) [W]here two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though the judgment has not been recovered against all or any of them.

(b) The right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort-feasor is compelled to make contribution beyond his own pro rata share of the entire liability.

N.C.G.S. § 1B-1(a) and (b) (1983 & Cum. Supp. 1988). The statute expressly grants a right of contribution to a joint tortfeasor who has paid more than his pro rata share of common liability to the injured party.

However, the right to contribution does not exist unless two or more parties are joint tortfeasors. *Pearsall v. Duke Power Co.*, 258 N.C. 639, 129 S.E. 2d 217 (1963); *Clemmons v. King*, 265 N.C. 199, 143 S.E. 2d 83 (1965). Two or more parties are joint tortfeasors when their negligent or wrongful acts are united in time or circumstance such that the two acts constitute one transaction or when two separate acts concur in point of time and place to cause a single injury. *Clemmons v. King*, 265 N.C. at 202, 143 S.E. 2d at 86. The burden is on the tortfeasor seeking contribution to show that the right exists, *Pascal v. Burke Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534 (1948); *Stansel v. McIntyre*, 237 N.C. 148, 74 S.E. 2d 345 (1953), and to allege facts which show liability to the injured party as well as a right to contribution. *Clemmons v. King*, 265 N.C. at 202, 143 S.E. 2d at 86.

The personal representative of a person killed by the negligence of two joint tortfeasors may, at his election, sue one or both of the tortfeasors. If he sues both and the jury finds them to be joint tortfeasors, the resulting judgment is joint and several and the party paying more than his pro rata share of the judgment is entitled to contribution from the other. Where the plaintiff elects to sue only one of the joint tortfeasors, the original defendant may have others joined as additional or third party defendants. *See Pascal v. Burke Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534; *Phillips v. Mining Co.*, 244 N.C. 17, 92 S.E. 2d 429 (1956); N.C.G.S. § 1B-3(d)(3) (1983 & Cum. Supp. 1988).

If the jury determines that both defendants are liable as joint tortfeasors to the plaintiff in the action, either defendant who satisfies the judgment by paying more than his pro rata share may invoke the right of contribution against the other defendant. Also, where one of the joint tortfeasors is not made a party to the original action, either by the plaintiff or the original defendant, the original defendant may nevertheless, by separate action, seek contribution from the other tortfeasor. In such a case he must establish, not only that a judgment has been entered against him, but that the other party is in fact a joint tortfeasor, that is, that the other party is liable jointly with the original defendant to the plaintiff for the wrongful death damages. N.C.G.S. §§ 1B-1(a) and 1B-3(c) (1983 & Cum. Supp. 1988).

The doctrine of collateral estoppel is not available to the plaintiff, State Farm, in the instant case to show Holland's joint and several liability to the estate of Alicia Holland. Since Holland was not a party to the wrongful death claim and was not made a third party defendant for the purpose of contribution, neither her liability to the estate of Alicia Holland nor her liability to Wall as a joint tortfeasor was established by the judgment in the original action.

The Court of Appeals relied on the opinion in *Carver v. Carver*, 310 N.C. 669, 314 S.E. 2d 73 (1984), in support of its holding that defendant Holland is collaterally estopped from denying that her negligence caused her daughter's death. *Carver* involved a wrongful death action brought by the estate of a child who was killed in an automobile accident caused by the negligence of the child's mother. The trial court entered summary judgment in favor of the defendant mother of the child. The Court of Appeals reversed the trial court's entry of summary judgment. In an opinion written by Justice Exum (now Chief Justice), this Court held that the Court of Appeals was correct in reversing the judgment of the trial court. The Court further held that losses to the negligent mother could not be considered in assessing damages for the wrongful death of the child because the recovery obtained resulted from the negligence of the mother.

In the instant case, the Court of Appeals concluded that the jury finding, that Holland's negligence proximately caused the death of the child, was material and relevant to the disposition of

*Holland v. Wall* and necessary and essential to the resulting judgment. *State Farm v. Holland,* 90 N.C. App. 730, 733, 370 S.E. 2d 70, 72. We agree with the Court of Appeals that in the instant case, as in *Carver,* the purpose for the jury determination that the mother's negligence was a proximate cause of the death of the child was to determine the amount of damages to be assessed against the individual defendant. We do not agree, however, that the jury's verdict resulted in a determination of defendant's joint liability with Wall to the estate of Alicia Holland.

A *Carver* issue cannot serve as the basis for collateral estoppel in an action for contribution among joint tortfeasors, at least under the circumstances of this case. In the wrongful death action, the mother was not a party-defendant, and no judgment establishing her liability to the estate was entered. Even though the jury considered the issue of the mother's negligence as it affected the award of damages, there was no adversarial consideration of the issue with regard to making her liable to the estate for any damages. Holland was not sued by the estate of Alicia Holland nor joined as a third party defendant by the sole defendant to the lawsuit. Therefore, Holland had no reason to defend on the issue of liability and no right to require a defense from her liability carrier who would bear the ultimate responsibility for paying any judgment against her.

A jury finding from a prior trial that two or more defendants were negligent does not necessarily establish the joint liability of the parties for the purposes of *res judicata* or collateral estoppel. This principle is illustrated in the case of *Gunter v. Winders,* 253 N.C. 782, 117 S.E. 2d 787 (1961). The jury in the prior trial of *Dalyrmple v. Gunter, Allen and Cottle* determined that two defendants, Allen and Cottle, had committed separate acts of negligence. Gunter then sued Allen, Cottle and others in a separate civil action. The lower court sustained the defendants' plea in bar of the suit upon the ground that the issues of negligence and contributory negligence had already been determined in *Dalyrmple.* On appeal, this Court held that the allegations and findings of separate acts of negligence in a prior trial did not on their face establish the joint and concurrent negligent acts of the parties and, thus, the prior decision did not provide the basis for the court to sustain a plea of *res judicata* in bar of a trial on the issues of the joint and concurrent negligence of Allen and Cottle.

The Court also held that a judgment against two or more defendants in a tort action should not be held to be conclusive unless their rights and liabilities were put in issue by their pleadings.

The holding in *Gunter* as applied to the instant case would preclude the use of the judgment in *Holland v. Wall* as a bar to a second trial on the issue of defendant's negligence. Although the jury found that Holland's negligence was a proximate cause of the death of Alicia Holland, the jury's finding did not establish the joint and concurrent negligence of Holland and Wall.

In the prior proceeding, Holland was not named as a defendant by the plaintiff, or a third party defendant by the original defendant Wall. Thus, neither the judge nor jury in the case determined that Holland and Wall were liable as joint tortfeasors to the plaintiff in that action.

Nevertheless, the original defendant in that action now seeks to use the judgment which was entered against only the original defendant as collateral estoppel against Holland. The original defendant contends, and the Court of Appeals agreed, that collateral estoppel applies since the jury made a determination that Holland's negligence was a proximate cause of the death and because the determination was necessary to the resulting judgment. We disagree for two reasons. First, assuming that the issue was necessary to the resulting judgment, the resulting judgment was against the original defendant and not Holland. Even if we assume that the judgment was against Holland in the sense that it effectively deprived her of any right to receive benefits from the estate based on proceeds from the wrongful death action, the judgment did not establish any liability on her part to the estate. She is liable to the estate only if a judgment could be entered against her in favor of the estate.

Second, to permit an original defendant against whom a judgment is entered in a claim for the wrongful death of a child to collect one-half of the judgment from the parent, based solely on a *Carver* issue, would effectively remove any need to make the parent a third party defendant. The practical effect of such a holding would be to prevent the parent's insurer from having an opportunity to defend a claim against the parent.

In the prior proceeding, since Holland was not made a party defendant and no claim was made against her, her insurer has had no opportunity to defend so as to protect its interest. We conclude that the contribution statute was not intended to have such an effect and that collateral estoppel should not apply under the facts of this case. Thus, the Court of Appeals erred in ordering summary judgment for plaintiff State Farm.

[2]  Ordinarily, we would remand the case in order to give State Farm an opportunity to prove that Holland is in fact a joint tortfeasor with Wall as a basis for contribution. However, State Farm's sole basis for establishing joint liability in this case is its allegation of Holland's negligence as related to a violation of N.C.G.S. § 20-137.1. Therefore, we now address the issue of whether defendant's failure to fasten her child in a child restraint system as required by N.C.G.S. § 20-137.1, as it existed at the time of the accident, constituted actionable negligence. We hold that it did not.

In *Miller v. Miller*, 273 N.C. 228, 160 S.E. 2d 65 (1968), this Court rejected the seat belt defense in North Carolina for the purpose of either barring the entire claim or for the purpose of mitigating damages in an automobile accident case. The Court held that the duty to wear a seat belt did not exist either at common law or by statute. Consequently, the failure to wear a seat belt was neither negligence per se nor evidence of negligence. In a recent case, a unanimous panel of the Court of Appeals, relying on our decision in *Miller*, held that plaintiff's failure to wear his seat belt at the time of the collision was not contributory negligence and that it was not error to refuse to instruct the jury that plaintiff's failure to wear his seat belt should be considered in the mitigation of plaintiff's damages. *Hagwood v. Odom*, 88 N.C. App. 513, 364 S.E. 2d 190 (1988).

N.C.G.S. § 20-137.1, as it existed at the time of the accident in question in *Holland v. Wall*, provided in pertinent part as follows:

(a) Every driver . . . who is transporting his own child of less than two years of age, when the driver is operating his own motor vehicle (or family purpose vehicle), shall have such child properly secured in a child passenger restraint system . . . .

(b) Any person violating this section during the period from July 1, 1982, to June 30, 1984, shall be given a warning ticket only. Thereafter a fine of ten dollars ($10.00) will be levied against violators. No driver license points shall be assessed for a violation of this section.

(c) A violation of this section shall not constitute negligence per se or contributory negligence per se.

N.C.G.S. § 20-137.1 (1983).

In *Miller*, decided in 1968, the Court indicated that any decision to link the use of seat belts to a standard of reasonable care should be left to the wisdom of the General Assembly. In 1981, the General Assembly enacted N.C.G.S. § 20-137.1. 1981 N.C. Sess. Laws ch. 804. While this statute required the use of seat belts in specific situations, it also expressly provided that a violation would not constitute negligence per se or contributory negligence per se.[1] Ordinarily, the violation of a statute enacted for the safety and protection of the public constitutes negligence per se, i.e., negligence as a matter of law. *Cowan v. Murrows Transfer Co.*, 262 N.C. 550, 554, 138 S.E. 2d 228, 231 (1964). However, a violation declared by the statute not to be negligence per se requires the application of the common law rule of ordinary care. *Id.* Under *Miller*, the failure to wear a seat belt, nothing else appearing, does not violate the common law rule of ordinary care. Construing the statute in light of this Court's decision in *Miller*, it is

---

1. The statute was amended in 1985 to increase the age to six years, change the fine to $25.00, and add the clause italicized below. 1985 N.C. Sess. Laws ch. 218. The statute, as it existed at the time of the trial in *Holland v. Wall* provided (and still provides):

> (a) Every driver who is transporting a child of less than six years of age shall have the child properly secured in a child passenger restraint system (car safety seat) which met applicable federal standards at the time of its manufacture . . . .
>
> . . . .
>
> (c) Any person convicted of violating this section may be punished by a fine not to exceed twenty-five dollars ($25.00) . . . .
>
> (d) [N]or shall a violation constitute negligence per se or contributory negligence per se *nor shall it be evidence of negligence or contributory negligence.*

N.C.G.S. § 20-137.1 (Cum. Supp. 1988) (emphasis added).

clear that a violation of the statute as it existed at the time of the accident, standing alone, did not constitute actionable negligence.

As applied to the instant case, the failure of Holland to restrain the child in a child restraint system in violation of the statute did not constitute actionable negligence and was therefore not the proximate cause of the wrongful death of her child. Thus, Holland cannot be jointly liable with Wall for the damages awarded to the estate in the wrongful death action. Accordingly, the trial judge correctly entered summary judgment in Holland's favor in this action brought by State Farm for contribution.

In summary, we hold that the Court of Appeals erred in reversing the trial court's entry of summary judgment for the defendant. Accordingly, we reverse the decision of the Court of Appeals and remand the case to that court for further remand to the trial court for reinstatement of the summary judgment in favor of defendant.

Reversed and remanded.

Justice MARTIN dissenting.

I dissent from the holding and reasoning of the majority as to Mrs. Holland's duty to secure her child in a restraint system.

The majority opinion slips into error in its reliance upon *Miller v. Miller*, 273 N.C. 228, 160 S.E. 2d 65. It is true this Court did hold in *Miller* that the allegation that plaintiff failed to wear a seat belt was not an allegation of facts constituting contributory negligence. However, it is necessary to note and understand that the plaintiff in *Miller* was an adult and there was not in effect at that time a statute requiring the use of seat belts.

Our case is not concerned with the duty, if any, of an adult to wear a seat belt for his own protection while traversing the highways. We are concerned with a much more serious and important issue: the duty of drivers of vehicles to attend to the safety of infants under the age of two years by securing such children in a child passenger restraint system. N.C.G.S. § 20-137.1 (1983).

This statute imposed an affirmative duty upon all drivers of motor vehicles to properly secure their children, under the age of two years, in child passenger restraint systems when transport-

ing such children in motor vehicles. The statute expressly states that a violation of it does not constitute negligence per se or contributory negligence per se. However, at the time of these events a violation of the statute constituted *evidence* of negligence to be considered by the jury in determining whether plaintiff had carried its burden to prove negligence under the common law. When a statutory violation is not negligence per se, the jury must consider such violation, if they find it occurred, along with all the other facts and circumstances in the case in determining whether the defendant has breached his common law duty of due care. *Johnson v. Bass*, 256 N.C. 716, 125 S.E. 2d 19 (1962); *Moore v. Bezalla*, 241 N.C. 190, 84 S.E. 2d 817 (1959); *Bank v. Phillips*, 236 N.C. 470, 73 S.E. 2d 323 (1954); *Spruill v. Summerlin*, 51 N.C. App. 452, 276 S.E. 2d 736 (1981).

The majority mistakenly assumes that because a violation of the statute is not negligence per se, it is also not evidence of negligence. *Miller* falls woefully short of supporting this defective legal theory. In *Miller* there was no statute imposing a duty on a guest passenger to wear a seat belt. Here, there is a statute imposing the duty on a driver-parent to properly secure his child. This statute was for the protection of infants. It must be remembered that a child cannot refuse to enter the vehicle, nor can the child take safety precautions while a passenger in the car. Surely it cannot be seriously debated that the violation of this statutory duty to a helpless child is not evidence of negligence! Our legislature evidently considered such a violation to be evidence of negligence, otherwise there would be no reason for its inexplicably recondite decision to amend the act in 1985.

This Court has no knowledge of how many claims on the behalf of children may be in existence based upon violations of the statute prior to its amendment in 1985. The statute of limitations on such claims does not commence to run until the child reaches majority. N.C.G.S. § 1-17 (1983). I, for one, will not adhere to a holding depriving helpless children of this statutory protection.

I vote to remand the case for a jury determination of the joint tort-feasor issue.