BILLY LaVERN CHANEY, JR. AND TAMMY M. CHANEY, CO-ADMINISTRATORS OF THE ESTATE OF
     BILLY LaVERN CHANEY, III; AND BILLY LaVERN CHANEY, JR. AND TAMMY M. CHANEY,
     INDIVIDUALLY, PLAINTIFFS-APPELLEES V. LORIA ANN SIMMONS YOUNG, INDIVIDUALLY; AND
     LORIA ANN SIMMONS YOUNG AND CHARLES LESTER LOCKWOOD, D/B/A C & B AUTO SALES
     AND SERVICE, DEFENDANTS-APPELLANTS

No. COA95-659

(Filed 16 April 1996)

1. **Appeal and Error § 118 (NCI4th)— case decided on merits—denial of summary judgment motion not reviewable**

    When a case has been decided on the merits, a denial of a motion for summary judgment is not reviewable on appeal.

    **Am Jur 2d, Appellate Review §§ 169, 170.**

    **Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

2. **Evidence and Witnesses § 210 (NCI4th)— plaintiffs' misuse of seat belts—failure to secure child in car seat—evidence properly excluded**

    The trial court did not err in granting plaintiffs' motion *in limine* prohibiting any evidence regarding the misuse of seat belts by plaintiffs or any evidence relative to the failure of plaintiffs to secure the minor decedent in a child restraint system as required by then existing N.C.G.S. § 20-137.1, since the plaintiff mother's placing of the ten-month-old child in her lap and buckling the seat belt around both of them was tantamount to nonuse, and the statutory provisions prohibiting evidence of failure to use a seatbelt in a civil action were therefore applicable. N.C.G.S. §§ 20-137.1(d), 20-135.2A(d).

    **Am Jur 2d, Evidence § 463.**

    **Admissibility of evidence showing plaintiff's antecedent intemperate habits, in personal injury motor vehicle accident action. 46 ALR2d 103.**

3. **Damages § 178 (NCI4th)— death of ten-month-old child— $118,000 damage award—no excessive award**

    The trial court did not err in failing to grant defendant's motion for a new trial pursuant to N.C.G.S. § 1A-1, Rule 59(a)(6) on the basis that excessive damages were awarded under passion and prejudice, since there was no evidence that the trial court

abused its discretion by failing to grant a new trial on the ground that $118,000 for the death of a ten-month-old child in an automobile accident was an excessive award.

**Am Jur 2d, Damages §§ 1017 et seq.**

**Excessiveness or adequacy of damages awarded for parents' noneconomic loss caused by personal injury or death of child. 61 ALR4th 413.**

Appeal by defendant from judgment entered 3 February 1995 by Judge Joe Freeman Britt in Sampson County Superior Court. Heard in the Court of Appeals 29 February 1996.

*Johnson & Parsons, P.A., by Dale P. Johnson and David H. Hobson, for plaintiffs-appellees.*

*Henson Henson Bayliss & Sue, L.L.P., by Gary K. Sue and Miriam S. Forbis, for defendants-appellants.*

JOHNSON, Judge.

Plaintiffs instituted this action seeking damages for personal injury and the wrongful death of their minor son, Billy Chaney, III. Prior to trial, plaintiffs dismissed their claims against defendants Loria Ann Simmons Young and Charles Lester Lockwood d/b/a C & B Auto Sales and Service. The remaining defendant is Loria Ann Simmons Young, individually.

Evidence presented at trial tends to show the following. On or about 1 July 1993, plaintiff Billy L. Chaney, Jr. was operating a 1993 Saturn vehicle in an easterly direction on Rural Paved Road 1226 in Sampson County near Clinton, North Carolina. His wife, plaintiff Tammy M. Chaney, and their ten month old son, decedent Billy L. Chaney, III, were riding as passengers in the vehicle. At the time in question, Billy Chaney was driving approximately 30-35 miles per hour and was going around a slight curve, when the vehicle driven by defendant Loria Young entered the curve traveling in a westerly direction. Defendant drove her vehicle across the center line into the eastbound lane of travel and collided with the vehicle driven by Billy Chaney. Plaintiffs were injured and decedent Billy Chaney, III was killed as a result of the accident. The vehicle driven by Loria Young was owned by Loria Ann Simmons Young and Charles Lester Lockwood, d/b/a C & B Auto Sales and Service.

Plaintiffs presented evidence of a certified copy of a warrant and judgment in which defendant Loria Young pled guilty to unintentionally causing the death of the minor child while violating North Carolina General Statutes § 20-146 (1993), by failing to drive her vehicle upon the right half of the highway. Defendant also stipulated that the minor died as a proximate result of the automobile accident on 1 July 1993.

The jury returned verdicts of $118,000.00 for the estate of the minor decedent; $7,000.00 for Billy Chaney, Jr.; and $20,000.00 for Tammy Chaney. From the judgment entered upon the jury verdicts, defendant appeals.

Defendant brings forward three assignments of error. Defendant's first assignment of error is two-pronged: that the trial court erred in denying defendant's motion for summary judgment and that the trial court erred in granting plaintiffs' motion *in limine.*

[1] As to the trial court's denial of defendant's motion for summary judgment, this Court has held that when a case has been decided on the merits, a denial of a motion for summary judgment is not reviewable, and is therefore properly dismissed. *Duke University v. Stainback*, 84 N.C. App. 75, 77, 351 S.E.2d 806, 807, *aff'd*, 320 N.C. 337, 357 S.E.2d 690 (1987). Thus, we address the second prong of defendant's first assignment of error.

[2] The trial court granted plaintiffs' motion *in limine* prohibiting any evidence regarding the misuse of the seat belts by plaintiffs; or any evidence relative to the failure of plaintiffs to secure the minor decedent in a child restraint system as required by then existing North Carolina General Statutes § 20-137.1 (1993).

The relevant statute requires that children be placed in child restraints. *See* N.C. Gen. Stat. § 20-137.1, entitled "Child restraint systems required." The statute reads as follows:

(a) Every driver who is transporting a child of less than six years of age shall have the child properly secured in a child passenger restraint system (car safety seat) which met applicable federal standards at the time of its manufacture. The requirements of this section may be met when the child is three years of age or older by securing the child in a seat safety belt.

(b) The provisions of this section shall not apply: (i) to vehicles registered in another state or jurisdiction; (ii) to ambulances

or other emergency vehicles; (iii) when the child's personal needs are being attended to; (iv) if all seating positions equipped with a child passenger restraint system or seat belts are occupied; or (v) to vehicles which are not required by federal law or regulation to be equipped with seat belts.

. . .

(d) No driver license points or insurance points shall be assessed for a violation of this section; nor shall a violation constitute negligence per se or contributory negligence per se nor shall it be evidence of negligence or contributory negligence.

Additionally, North Carolina General Statutes § 20-135.2A(d)(1993), "Seat belt use mandatory," provides in pertinent part:

Evidence of failure to wear a seat belt shall not be admissible in any criminal or civil trial, action, or proceeding except in an action based on a violation of this section.

Defendant argues that these sections are inapplicable because the issue is not the admissibility of the evidence regarding plaintiffs' failure to use a seat belt, but whether plaintiffs' improper use of the seat belt and knowledge of warnings renders the section inapplicable. Defendant contends that she should have been able to introduce evidence to show that plaintiffs were knowledgeable as to the operating procedures of their 1993 Saturn automobile; that they had actual knowledge of the instructions contained in said operator's manual as the same relates to seat belt operation; that plaintiffs had actual knowledge that the operator's manual contained express warnings against placing two persons within a one passenger restraint system (the seat belts), and despite actual knowledge of the express warnings of the extreme danger of placing two persons within one seat belt, plaintiff Tammy M. Chaney strapped her infant son in her lap in the front passenger seat with the shoulder strap encompassing both herself and her child; and that the positioning of plaintiff and her infant son was known to plaintiff Billy LaVern Chaney, Jr.

Defendant's argument, however, is unpersuasive. In our review of the relevant case law, we have not found any North Carolina cases involving the *improper use* of seat belts. However, there are cases involving nonuse. See *State Farm Mut. Ins. Co. v. Holland,* 324 N.C. 466, 380 S.E.2d 100 (1989); *Miller v. Miller,* 273 N.C. 228, 160 S.E.2d 65 (1968); *Hagwood v. Odom,* 88 N.C. App. 513, 364 S.E.2d 190 (1988).

In *Miller*, a case decided prior to the enactment of these pertinent statutes, our Supreme Court rejected the seat belt defense as a bar to a claim of actionable negligence and to mitigate damages in an automobile accident. The Court stated that:

> It would be a harsh and unsound rule which would deny all recovery to the plaintiff, whose mere failure to buckle his belt in no way contributed to the accident, and exonerate the active tortfeasor but for whose negligence the plaintiff's omission would have been harmless.

*Miller*, 273 N.C. at 237, 160 S.E.2d at 73. Subsequently, this Court in *Hagwood*, 88 N.C. App. 513, 364 S.E.2d 190, interpreted the statute and granted plaintiff's motion *in limine* to exclude evidence of seat belt nonuse. Moreover, in *Holland*, 324 N.C. 466, 475-76, 380 S.E.2d 100, 106, a wrongful death action for the death of an minor child in an automobile accident, our Supreme Court stated: "the failure of Holland to restrain the child in a child restraint system in violation of the statute did not constitute actionable negligence and was therefore not the proximate cause of the wrongful death of the child."

We hold that improper use of a seat belt under the circumstances of this case is tantamount to nonuse. Therefore, contrary to defendant's contentions, the statutory provisions are applicable. Defendant's argument is disingenuous and seeks to circumvent the intent of the legislature and the clear language of the statute. The intent of the legislature is to prevent tortfeasors from using evidence of a failure to use or the improper use of a seat belt in any civil action or proceeding. The statutory provisions explicitly state that the "failure to wear a seat belt shall not be admissible in any . . . civil trial, action, or proceeding[,]" N.C. Gen. Stat. § 20-135.2A(d), "nor shall a violation constitute negligence per se or contributory negligence per se[,] nor shall it be evidence of negligence or contributory negligence." N.C. Gen. Stat. § 20-137.1(d). Hence, the trial court properly granted the motion *in limine*.

[3] Defendant next argues that the awarded damages were excessive, and the trial court erred as a matter of law in failing to grant her motion for a new trial pursuant to Rule 59(a)(6) of the North Carolina Rules of Civil Procedure on the basis that excessive damages were awarded under passion and prejudice. Rule 59(a)(6) provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues for . . . excessive or inadequate damages appearing to have been given under the influence of passion or prejudice[.]"

HORTON v. NEW SOUTH INS. CO.

[122 N.C. App. 265 (1996)]

Whether to grant or deny a new trial is within the sound discretion of the trial court and may not be reviewed absent a manifest abuse of discretion. *Munie v. Tangle Oaks Corp.*, 109 N.C. App. 336, 427 S.E.2d 149 (1993). As there is no evidence to show that the trial court abused its discretion by failing to grant a new trial on the ground that $118,000.00 was an excessive award, defendant's argument is without merit.

Defendant's final argument is that the trial court erred in failing to grant her motion for a new trial pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure regarding the mistake and inadvertence in the instruction to the jury regarding the issue of plaintiffs' contributory negligence and the omission in the jury instructions regarding mitigation of damages based on plaintiffs' improper use of the seat belt and their knowledge of specific warnings against said improper use. For the reasons stated under our analysis of defendant's first argument, this argument is also without merit.

For the reasons stated herein, we find no error in the decision of the trial court in this case.

No error.

Judges MARTIN, JOHN C. and McGEE concur.