SHARRARD, McGEE & CO., P.A., PLAINTIFF v. SUZ'S SOFTWARE, INC., DEFENDANT

No. 9018SC34

(Filed 16 October 1990)

1. **Assignments § 2 (NCI4th) — assignment of contract rights — assignor not buyer — UCC — common law**

   Even if plaintiff's assignor was not technically a "buyer" in a transaction with defendant so as to permit it to assign its contractual rights against defendant pursuant to N.C.G.S. § 25-2-103(1), the assignor's contractual rights were assignable under the common law.

   **Am Jur 2d, Assignments §§ 7, 27.**

2. **Uniform Commercial Code § 11 (NCI3d) — express warranty — action for breach — privity not required**

   Privity is not required to assert a claim for breach of express warranty.

   **Am Jur 2d, Sales §§ 718, 720.**

3. **Uniform Commercial Code § 11 (NCI3d) — letter to accounting firm — express warranty to firm's client**

   A letter from defendant's president to an accounting firm purchasing a computer accounting system for a plumbing distributor which referenced the accounting firm's "plumbing distributor client" and guaranteed defendant's "programming with full return and refund privileges for the software and

SHARRARD, McGEE & CO. v. SUZ'S SOFTWARE, INC.

[100 N.C. App. 428 (1990)]

printer should our programming not perform as warranted" constituted an express warranty to both the accounting firm and its client in order to induce both to complete the purchase of a software system from defendant. Therefore, the plumbing distributor could validly assign its claim against defendant for breach of the express warranty.

**Am Jur 2d, Sales §§ 377, 379.**

4. **Uniform Commercial Code § 26 (NCI3d); Rules of Civil Procedure § 15.2 (NCI3d)— breach of express warranty—special damages—litigation by consent**

Plaintiff was entitled to recover for breach of express warranty of a computer system both its general damages and its special damages for additional sums expended for attempts by defendant to make the system work. Although plaintiff failed to plead damages involving special circumstances, the pleadings were deemed amended to include this issue where plaintiff introduced evidence of these damages without objection at trial and the parties thus tried this issue by implied consent. N.C.G.S. § 1A-1, Rule 15(b); N.C.G.S. § 25-2-714(2).

**Am Jur 2d, Sales §§ 1280, 1297, 1351, 1374.**

APPEAL by defendant from a judgment entered 21 August 1989 by *Judge Howard R. Greeson, Jr.* in Superior Court, GUILFORD County. Plaintiff cross-appeals. Heard in the Court of Appeals 28 August 1990.

*Fisher, Fisher, Gayle, Clinard & Craig, P.A., by John O. Craig, III and Robert G. Griffin, for plaintiff-appellee/cross-appellant.*

*Brinson and Gullick, by Lynn G. Gullick, for defendant-appellant/cross-appellee.*

LEWIS, Judge.

This case involves the following issues: (1) whether plaintiff was assigned its right to sue defendant pursuant to G.S. § 25-2-210; (2) whether any express warranties existed between plaintiff's assignor and defendant; (3) whether any implied warranties under G.S. § 25-2-314 and § 25-2-315 were breached; and (4) whether plaintiff, as assignee, justifiably revoked acceptance of the goods involved pursuant to G.S. § 25-2-608 and whether the revocation

occurred within a reasonable time after the assignor discovered nonconformities in the goods delivered. At a trial by the court, all of these issues were resolved in favor of the plaintiff and defendant appeals. The court made the following findings of fact:

In October 1985, plaintiff Sharrard, McGee and Co., P.A. ("Sharrard"), an accountant firm, was in the business of assisting in the computerization of their clients' accounting systems. One of these clients was Guilford Plumbing Supply, Inc. ("GPS"), a plumbing wholesale distributor.

On 7 and 9 October 1985, plaintiff's employees met and negotiated with an employee of defendant, Suz's Software, Inc. Defendant demonstrated and recommended a general business computer system for the use of plaintiff's client.

On 7 November 1985, Joseph Craycroft, president of defendant corporation, wrote a letter guaranteeing their programming. On 18 November 1985, a computer purchased by the plaintiff was installed at GPS by Mike Joubert, an employee of defendant.

On 22 November 1985, Joubert told GPS employees that the computer program, as customized by defendant, would accomplish the goals GPS had set for a computer accounting system. He also informed the plaintiff that this customized program would be included in the guarantee contained in the 7 November 1985 letter from Craycroft to plaintiff.

On 9 January 1986, Joubert completed the programming and on 17 January provided GPS employees an instruction manual.

On 26 March 1986, the plaintiff paid $8,320.77 to the defendant for the software system and the printer, the money having been provided by GPS.

Shortly thereafter, the system proved to have a number of defects; it failed to consistently and accurately reflect the exact amount of tax; it placed the "description" in the item number column on invoices; it erroneously portrayed unit prices, and erroneously computed state and local taxes. GPS assigned all rights which GPS had against the defendant to the plaintiff for consideration.

By letter dated 9 December 1987, Sharrard revoked acceptance and demanded a refund of the purchase price from the defendant. Defendant refused to comply with the demand and plaintiff filed suit.

SHARRARD, McGEE & CO. v. SUZ'S SOFTWARE, INC.

[100 N.C. App. 428 (1990)]

I. *Did GPS validly assign all of its rights to the plaintiff?*

[1] The trial court found as a matter of law that GPS validly assigned its rights against the defendant to plaintiff pursuant to G.S. § 25-2-210. G.S. § 25-2-210 provides:

> (2) Unless otherwise agreed all rights of either seller or buyer can be assigned . . . a right to damages for breach of the whole contract, or a right arising out of the assignor's due performance of his entire obligation can be assigned despite agreement otherwise.

Defendant does not dispute the validity of this statute, instead it argues that G.S. § 25-2-210(2) is inapplicable because it is not a "seller" and GPS is not a "buyer" in this transaction.

"Buyer" and "seller" are defined in G.S. § 25-2-103(1).

> (a) "Buyer" means a person who buys or contracts to buy goods.

> (d) "Seller" means a person who sells or contracts to sell goods. . . .

Defendant concedes that it was a "seller" as between it and Sharrard and Sharrard was a "buyer" as to Suz's Software, but defendant argues that it is not a "seller" as to GPS and GPS is not a "buyer" as to defendant. Essentially defendant is arguing that privity is required between the parties before either party can be labelled a "buyer" or a "seller" and have a right to assign its contractual rights as provided in G.S. § 25-2-103(1). We note, however, that GPS's right to assign legal rights is not exclusively governed by the UCC. Even if GPS technically is not a "buyer" under the UCC, as long as it has a valid claim for breach of contract against defendant, our common law will permit its assignment. *High Point Casket Co. v. Wheeler*, 182 N.C. 459, 109 S.E. 378 (1921). The real issue is not whether privity is required in order for GPS to assign its right to sue defendant to plaintiff pursuant to G.S. § 25-2-210, but whether GPS has any legally cognizable claim to assign at all.

The gravamen of plaintiff's action against defendant is for breach of express and implied warranties given by defendant to GPS. Defendant argues that it made no warranties at all, or in the alternative, that it only made limited warranties directly to Sharrard. Again, defendant contends that privity must have existed between it and GPS before GPS would have any right to sue defendant for breach of express and implied warranties.

North Carolina's Uniform Commercial Code does not define "privity" and there are no governing Code provisions dispositive of this issue. G.S. § 25-2-318 eliminates the need for privity when a natural person is suing to recover for personal injuries, but is silent as to whether privity is required in other contexts. We must therefore turn to case law to determine whether privity is required as between GPS and defendant and, if so, whether privity exists between these two parties. *See Bernick v. Jurden,* 306 N.C. 435, 293 S.E.2d 405 (1982) (whether there exists a requirement of privity or contractual relationship is not governed by the UCC, but by developing case law).

[2]  Plaintiff has asserted, as GPS's assignee, a claim against defendant for breach of both express and implied warranties pursuant to G.S. § 25-2-314 and G.S. § 25-2-315. Privity is not required when the theory is breach of an express warranty. *Kinlaw v. Long Mfg. N.C., Inc.,* 298 N.C. 494, 259 S.E.2d 552 (1979). "[T]he absence of contractual privity no longer bars a direct claim by an ultimate purchaser against the manufacturer for breach of the manufacturer's express warranty which is directed to the purchaser." *Id.* G.S. Chapter 99B (products liability) expressly abrogates the privity requirement in certain claims based upon implied warranty. G.S. Chapter 99B-2(b). However, outside the exceptions created by G.S. Chapter 99B, the general rule is that privity is required to assert a claim for breach of an implied warranty involving only economic loss. *See Holland v. Edgerton,* 85 N.C. App. 567, 355 S.E.2d 514 (1987).

Since privity is not required to assert a claim for breach of an express warranty, we will first examine whether an express warranty existed between GPS and defendant.

II. *Was there an Express Warranty between GPS and Defendant?*

[3]  G.S. § 25-2-313(1)(a) provides:

Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

The plaintiff argues that defendant gave GPS an express, unlimited warranty that became the basis of the bargain between GPS and defendant in a letter dated 7 November 1985. In that letter, Joe

SHARRARD, McGEE & CO. v. SUZ'S SOFTWARE, INC.

[100 N.C. App. 428 (1990)]

Craycroft, president of defendant corporation, stated, "We guarantee our programming with full return and refund privileges for the software and printer should our programming not perform as warranted." This letter was written to Hal Heavner, a CPA in plaintiff accounting firm. The letter specifically referenced plaintiff's "plumbing distributor client."

The trial court found as a matter of law that this letter constituted an express warranty to GPS that the equipment would perform correctly. Defendant argues that it dealt only with plaintiff in the sale of the equipment, and that if there was any warranty it ran only to plaintiff and not GPS and did not encompass later modifications and additions made to the software system. We disagree.

Plaintiff does not have to show privity between GPS and defendant. Instead, plaintiff must show that the warranty was "addressed to the ultimate consumer or user." *Wyatt v. Equipment Co.*, 253 N.C. 355, 359, 117 S.E.2d 21, 24 (1960). In the present case, defendant obviously knew that Sharrard was seeking to obtain computer software on behalf of GPS. The letter expressly references GPS. The equipment was neither purchased nor installed until after this letter was written. We agree with the trial judge that defendant made its express warranty to both plaintiff and GPS in order to induce both parties to go through with the purchase of its software system. Additionally, defendant provided GPS an instruction manual on 16 January 1986, which also expressly warranted that the programs written by the defendant were to supplement the general business system and that the integrated system would "provide a hard copy of invoices, sales and salesmen's reports, and sales and use tax reports." Installation of the integrated system was not complete until after this manual was given to GPS. Defendant concedes that the time of sale was not until the system was paid for in March, 1986. All of this evidence indicates that defendant's letter was intended to warrant its products to GPS and it was reasonable for GPS to rely upon defendant's representations. We affirm the trial court's conclusion that an express warranty existed between GPS and defendant.

Because GPS had a valid claim that it could assert by itself, plaintiff, as assignee, was entitled to assert its claim against defendant.

Because we affirm the trial court's conclusion that GPS had and validly assigned its right to recover for breach of the express warranty to plaintiff, we need not address the issues relating to plaintiff's claim for breach of implied warranties.

### III. *Plaintiff's Cross-Appeal*

[4]  Plaintiff cross-appeals the amount of the award of damages. The trial court awarded plaintiff $7,538.06, the value of the worthless computer system (less $782.71 for the printer). Plaintiff argues that it is entitled to recover an additional $1,129.05 for amounts paid to the defendant for services rendered to make the system workable. G.S. § 25-2-714 governs the amount of damages a buyer may recover for breach of a warranty:

> (1) Where the buyer has accepted goods and given notification . . . he may recover as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable.
>
> (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
>
> (3) In a proper case any incidental and consequential damages under the next section [G.S. § 25-2-715] may also be recovered.

G.S. § 25-2-714(2). The value differential formula set out in subsection two applies absent a showing of "special circumstances." *Id.* In the present case, plaintiff expended an additional $1,129.05 for attempts by the defendant to make the system work. The defendant argues that these damages represent special damages and must therefore be specifically pled or lost. However, plaintiff introduced evidence of these damages without objection at trial.

N.C. Rule of Civil Procedure 15(b) provides:

> (b) *Amendments to conform to the evidence* — When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon

SHARRARD, McGEE & CO. v. SUZ'S SOFTWARE, INC.

[100 N.C. App. 428 (1990)]

motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues.

G.S. 1A-1, Rule 15(b). Although the plaintiff failed to formally move to amend its complaint to allow recovery for damages involving special circumstances as under G.S. § 25-2-714(2), under the rule of "litigation by consent," failure by defendant to object to the offered evidence permitted the trial judge to admit and consider the additional damages. *See McRae v. Moore*, 33 N.C. App. 116, 123, 234 S.E.2d 419, 422-23, *disc. rev. denied*, 293 N.C. 160, 236 S.E.2d 703 (1977). "If the defendant does not object, he is (except in certain unusual situations) viewed as having consented to admission of the evidence, and the pleadings are deemed amended to include the new issue." *Hardison v. Williams*, 21 N.C. App. 670, 673, 205 S.E.2d 551, 553 (1974).

Defendant waived any objections based upon the propriety of considering this evidence for the purpose of awarding greater damages than those usually allowed under N.C.G.S. § 25-2-714. We reverse and remand this issue to the trial court with directions to award plaintiff an additional $1,129.05 for expenses incurred for unsuccessful repairs to the faulty computer system.

## IV. *Conclusion*

The defendant made an express warranty of its goods to GPS. GPS validly assigned its right to recover for breach of this warranty to plaintiff. Plaintiff was entitled to recover its general damages and an additional $1,129.05 for additional sums expended for attempts to make the software system work as warranted.

Affirmed in part, reversed in part and remanded.

Judges WELLS and EAGLES concur.